B27 (Official Form 27) (12/09)

# UNITED STATES BANKRUPTCY COURT
District of __New Jersey__

In re __Mary J. Mueller__  
      Debtor

Case No. __11-11299__  
Chapter __7__

## REAFFIRMATION AGREEMENT COVER SHEET

This form must be completed in its entirety and filed, with the reaffirmation agreement attached, within the time set under Rule 4008. It may be filed by any party to the reaffirmation agreement.

1. Creditor's Name: __HSBC RETAIL CREDIT (USA) INC. - SUZUKI__

2. Amount of the debt subject to this reaffirmation agreement:  
   $ __2,450.72__ on the date of bankruptcy    $ __2,450.72__ to be paid under reaffirmation agreement

3. Annual percentage rate of interest: __N/A__ % prior to bankruptcy  
   __0__ % under reaffirmation agreement ( __X__ Fixed Rate ____ Adjustable Rate)

4. Repayment terms (if fixed rate): $ __52.00__ per month for __48__ months

5. Collateral, if any, securing the debt: Current market value: $ __2450.72__  
   Description: __2005 SUZUKI BERGMAN SCOOTER__

6. Does the creditor assert that the debt is nondischargeable? ____ Yes __X__ No  
(If yes, attach a declaration setting forth the nature of the debt and basis for the contention that the debt is nondischargeable.)

| Debtor's Schedule I and J Entries | Debtor's Income and Expenses as Stated on Reaffirmation Agreement |
|---|---|
| 7A. Total monthly income from Schedule I, line 16    $ 6899⁸ | 7B. Monthly income from all sources after payroll deductions    $ 6899 |
| 8A. Total monthly expenses from Schedule J, line 18    $ 7874 | 8B. Monthly expenses    $ 7874 |
| 9A. Total monthly payments on reaffirmed debts not listed on Schedule J    $ ____ | 9B. Total monthly payments on reaffirmed debts not included in monthly expenses    $ 0 |
|  | 10B. Net monthly income    $ [974] (Subtract sum of lines 8B and 9B from line 7B. If total is less than zero, put the number in brackets.) |

MAR 3 2011  
US BANKRUPTCY COURT  
TRENTON, N.J.  
DEPUTY

B27 (Official Form 27) (12/09)                                                                          Page 2

11. Explain with specificity any difference between the income amounts (7A and 7B):

_____

_____

12. Explain with specificity any difference between the expense amounts (8A and 8B):

_____

_____

If line 11 or 12 is completed, the undersigned debtor, and joint debtor if applicable, certifies that any explanation contained on those lines is true and correct.

_____        _____
Signature of Debtor (only required if       Signature of Joint Debtor (if applicable, and only
line 11 or 12 is completed)                 required if line 11 or 12 is completed)

## Other Information

☐ Check this box if the total on line 10B is less than zero. If that number is less than zero, a presumption of undue hardship arises (unless the creditor is a credit union) and you must explain with specificity the sources of funds available to the Debtor to make the monthly payments on the reaffirmed debt: _____

_____

Was debtor represented by counsel during the course of negotiating this reaffirmation agreement?
   ✓ Yes         ____ No

If debtor was represented by counsel during the course of negotiating this reaffirmation agreement, has counsel executed a certification (affidavit or declaration) in support of the reaffirmation agreement?
   ____ Yes      ____ No


## FILER'S CERTIFICATION

I hereby certify that the attached agreement is a true and correct copy of the reaffirmation agreement between the parties identified on this Reaffirmation Agreement Cover Sheet.

_____
Signature

Jennifer Pursley
Print/Type Name & Signer's Relation to Case

B240A (Form B240A) (04/10)

Check one.
☐ Presumption of Undue Hardship
☐ No Presumption of Undue Hardship
See Debtor's Statement in Support of Reaffirmation,
Part II below, to determine which box to check.

# UNITED STATES BANKRUPTCY COURT
_____ District of New Jersey_____

In re _____Mary J. Mueller_____,
       *Debtor*

Case No. 11-11299_____

Chapter 7_____

## REAFFIRMATION DOCUMENTS

Name of Creditor: __HSBC RETAIL CREDIT (USA) INC. - SUZUKI__

☐ Check this box if Creditor is a Credit Union

### PART I. REAFFIRMATION AGREEMENT

**Reaffirming a debt is a serious financial decision. Before entering into this Reaffirmation Agreement, you must review the important disclosures, instructions, and definitions found in Part V of this form.**

A. Brief description of the original agreement being reaffirmed: __Secured revolving account__
   *For example, auto loan*

B. **AMOUNT REAFFIRMED**:    $_____2450.72_____

   The Amount Reaffirmed is the entire amount that you are agreeing to pay. This may include unpaid principal, interest, and fees and costs (if any) arising on or before __2/4/11__, which is the date of the Disclosure Statement portion of this form (Part V).

   *See the definition of "Amount Reaffirmed" in Part V, Section C below.*

C. The **ANNUAL PERCENTAGE RATE** applicable to the Amount Reaffirmed is ___0___%.

   *See definition of "Annual Percentage Rate" in Part V, Section C below.*

   This is a *(check one)*  ☑ Fixed rate         ☐ Variable rate

If the loan has a variable rate, the future interest rate may increase or decrease from the Annual Percentage Rate disclosed here.

D. Reaffirmation Agreement Repayment Terms *(check and complete one)*:

- ☐ $ 52.00 per month for 48 months starting on 7/20/11.

- ☐ Describe repayment terms, including whether future payment amount(s) may be different from the initial payment amount.

  _____
  _____
  _____

E. Describe the collateral, if any, securing the debt:

  Description:        2005 SUZUKI BERGMAN SCOOTER
  Current Market Value  $        2450.72

F. Did the debt that is being reaffirmed arise from the purchase of the collateral described above?
  6373.44

  ☑ Yes.  What was the purchase price for the collateral?    $ _____

  ☐ No.   What was the amount of the original loan?          $ _____

G. Specify the changes made by this Reaffirmation Agreement to the most recent credit terms on the reaffirmed debt and any related agreement:

|  | Terms as of the Date of Bankruptcy | Terms After Reaffirmation |
|---|---|---|
| Balance due *(including fees and costs)* | $ 2,450.72 | $ 2450.72 |
| Annual Percentage Rate | n/a % | 0 % |
| Monthly Payment | $ 89.00 | $ 52.00 |

H. ☐ Check this box if the creditor is agreeing to provide you with additional future credit in connection with this Reaffirmation Agreement. Describe the credit limit, the Annual Percentage Rate that applies to future credit and any other terms on future purchases and advances using such credit:
_____
_____

## PART II.    DEBTOR'S STATEMENT IN SUPPORT OF REAFFIRMATION AGREEMENT

A. Were you represented by an attorney during the course of negotiating this agreement?

  Check one.    ☑ Yes    ☐ No

B. Is the creditor a credit union?

  Check one.    ☐ Yes    ☑ No

C. If your answer to EITHER question A. or B. above is "No," complete 1. and 2. below.

1. Your present monthly income and expenses are:

   a. Monthly income from all sources after payroll deductions
   (take-home pay plus any other income)                                $ 6899

   b. Monthly expenses (including all reaffirmed debts except
   this one)                                                            $ 7874

   c. Amount available to pay this reaffirmed debt (subtract b. from a.)   $ 0

   d. Amount of monthly payment required for this reaffirmed debt        $ 52

   *If the monthly payment on this reaffirmed debt (line d.) is greater than the amount you have available to pay this reaffirmed debt (line c.), you must check the box at the top of page one that says "Presumption of Undue Hardship." Otherwise, you must check the box at the top of page one that says "No Presumption of Undue Hardship."*

2. You believe that this reaffirmation agreement will not impose an undue hardship on you or your dependents because:

   Check one of the two statements below, if applicable:

   ☐ You can afford to make the payments on the reaffirmed debt because your monthly income is greater than your monthly expenses even after you include in your expenses the monthly payments on all debts you are reaffirming, including this one.

   ☐ You can afford to make the payments on the reaffirmed debt even though your monthly income is less than your monthly expenses after you include in your expenses the monthly payments on all debts you are reaffirming, including this one, because:

   _____
   _____
   _____

   Use an additional page if needed for a full explanation.

D. If your answers to BOTH questions A. and B. above were "Yes," check the following statement, if applicable:

   ☐ You believe this Reaffirmation Agreement is in your financial interest and you can afford to make the payments on the reaffirmed debt.

*Also, check the box at the top of page one that says "No Presumption of Undue Hardship."*

## PART III. CERTIFICATION BY DEBTOR(S) AND SIGNATURES OF PARTIES

I hereby certify that:

(1) I agree to reaffirm the debt described above.

(2) Before signing this Reaffirmation Agreement, I read the terms disclosed in this Reaffirmation Agreement (Part I) and the Disclosure Statement, Instructions and Definitions included in Part V below;

(3) The Debtor's Statement in Support of Reaffirmation Agreement (Part II above) is true and complete;

(4) I am entering into this agreement voluntarily and am fully informed of my rights and responsibilities; and

(5) I have received a copy of this completed and signed Reaffirmation Documents form.

SIGNATURE(S) (If this is a joint Reaffirmation Agreement, both debtors must sign.):

Date _2/16/11_    Signature _Mary J Mueller_
                                    Debtor

Date _2/16/11_    Signature _____
                                    Joint Debtor, if any


**Reaffirmation Agreement Terms Accepted by Creditor:**

Creditor __HSBC RETAIL CREDIT (USA) INC. - SUZUKI__    C/O Bass & Associates, P.C., 3936 E. Ft. Lowell Ste 200, Tucson, AZ, 85712
                Print Name                                                    Address

_Jennifer Pursley_                          Signature                    Date _2/28/11_
Print Name of Representative


## PART IV. CERTIFICATION BY DEBTOR'S ATTORNEY (IF ANY)

*To be filed only if the attorney represented the debtor during the course of negotiating this agreement.*

I hereby certify that: (1) this agreement represents a fully informed and voluntary agreement by the debtor; (2) this agreement does not impose an undue hardship on the debtor or any dependent of the debtor; and (3) I have fully advised the debtor of the legal effect and consequences of this agreement and any default under this agreement.

☒ A presumption of undue hardship has been established with respect to this agreement. In my opinion, however, the debtor is able to make the required payment.

*Check box, if the presumption of undue hardship box is checked on page 1 and the creditor is not a Credit Union.*

Date _2/21/11_    Signature of Debtor's Attorney _____

Print Name of Debtor's Attorney _Brian W Hofmeister_

# PART V. DISCLOSURE STATEMENT AND INSTRUCTIONS TO DEBTOR(S)

Before agreeing to reaffirm a debt, review the terms disclosed in the Reaffirmation Agreement (Part 1 above) and these additional important disclosures and instructions.

**Reaffirming a debt is a serious financial decision.** The law requires you to take certain steps to make sure the decision is in your best interest. If these steps, which are detailed in the Instructions provided in Part V, Section B below, are not completed, the Reaffirmation Agreement is not effective, even though you have signed it.

## A.  DISCLOSURE STATEMENT

1. **What are your obligations if you reaffirm a debt?** A reaffirmed debt remains your personal legal obligation to pay. Your reaffirmed debt is not discharged in your bankruptcy case. That means that if you default on your reaffirmed debt after your bankruptcy case is over, your creditor may be able to take your property or your wages. Your obligations will be determined by the Reaffirmation Agreement, which may have changed the terms of the original agreement. If you are reaffirming an open end credit agreement, that agreement or applicable law may permit the creditor to change the terms of that agreement in the future under certain conditions.

2. **Are you required to enter into a reaffirmation agreement by any law?** No, you are not required to reaffirm a debt by any law. Only agree to reaffirm a debt if it is in your best interest. Be sure you can afford the payments that you agree to make.

3. **What if your creditor has a security interest or lien?** Your bankruptcy discharge does not eliminate any lien on your property. A "lien" is often referred to as a security interest, deed of trust, mortgage, or security deed. The property subject to a lien is often referred to as collateral. Even if you do not reaffirm and your personal liability on the debt is discharged, your creditor may still have a right under the lien to take the collateral if you do not pay or default on the debt. If the collateral is personal property that is exempt or that the trustee has abandoned, you may be able to redeem the item rather than reaffirm the debt. To redeem, you make a single payment to the creditor equal to the current value of the collateral, as the parties agree or the court determines.

4. **How soon do you need to enter into and file a reaffirmation agreement?** If you decide to enter into a reaffirmation agreement, you must do so before you receive your discharge. After you have entered into a reaffirmation agreement and all parts of this form that require a signature have been signed, either you or the creditor should file it as soon as possible. The signed agreement must be filed with the court no later than 60 days after the first date set for the meeting of creditors, so that the court will have time to schedule a hearing to approve the agreement if approval is required. However, the court may extend the time for filing, even after the 60-day period has ended.

5. **Can you cancel the agreement?** You may rescind (cancel) your Reaffirmation Agreement at any time before the bankruptcy court enters your discharge, or during the 60-day period that begins on the date your Reaffirmation Agreement is filed with the court, whichever occurs later. To rescind (cancel) your Reaffirmation Agreement, you must notify the creditor that your Reaffirmation Agreement is rescinded (or canceled). Remember that you can rescind the agreement, even if the court approves it, as long as you rescind within the time allowed.

6. **When will this Reaffirmation Agreement be effective?**

    a. **If you *were* represented by an attorney during the negotiation of your Reaffirmation Agreement** and

    i. **if the creditor is not a Credit Union**, your Reaffirmation Agreement becomes effective when it is filed with the court unless the reaffirmation is presumed to be an undue hardship. If the Reaffirmation Agreement is presumed to be an undue hardship, the court must review it and may set a hearing to determine whether you have rebutted the presumption of undue hardship.

    ii. **if the creditor is a Credit Union**, your Reaffirmation Agreement becomes effective when it is filed with the court.

    b. **If you *were not* represented by an attorney during the negotiation of your Reaffirmation Agreement**, the Reaffirmation Agreement will not be effective unless the court approves it. To have the court approve your agreement, you must file a motion. See Instruction 5, below. The court will notify you and the creditor of the hearing on your Reaffirmation Agreement. You must attend this hearing, at which time the judge will review your Reaffirmation Agreement. If the judge decides that the Reaffirmation Agreement is in your best interest, the agreement will be approved and will become effective. However, if your Reaffirmation Agreement is for a consumer debt secured by a mortgage, deed of trust, security deed, or other lien on your real property, like your home, you do not need to file a motion or get court approval of your Reaffirmation Agreement.

7. **What if you have questions about what a creditor can do?** If you have questions about reaffirming a debt or what the law requires, consult with the attorney who helped you negotiate this agreement. If you do not have an attorney helping you, you may ask the judge to explain the effect of this agreement to you at the hearing to approve the Reaffirmation Agreement. When this disclosure refers to what a creditor "may" do, it is not giving any creditor permission to do anything. The word "may" is used to tell you what might occur if the law permits the creditor to take the action.

B. **INSTRUCTIONS**

1. Review these Disclosures and carefully consider your decision to reaffirm. If you want to reaffirm, review and complete the information contained in the Reaffirmation Agreement (Part I above). If your case is a joint case, both spouses must sign the agreement if both are reaffirming the debt.

2. Complete the Debtor's Statement in Support of Reaffirmation Agreement (Part II above). Be sure that you can afford to make the payments that you are agreeing to make and that you have received a copy of the Disclosure Statement and a completed and signed Reaffirmation Agreement.

3. If you were represented by an attorney during the negotiation of your Reaffirmation Agreement, your attorney must sign and date the Certification By Debtor's Attorney (Part IV above).

4. You or your creditor must file with the court the original of this Reaffirmation Documents packet and a completed Reaffirmation Agreement Cover Sheet (Official Bankruptcy Form 27).

5. *If you are not represented by an attorney, you must also complete and file with the court a separate document entitled "Motion for Court Approval of Reaffirmation Agreement" unless your Reaffirmation Agreement is for a consumer debt secured by a lien on your real property, such as your home. You can use Form B240B to do this.*

C.  **DEFINITIONS**

1. **"Amount Reaffirmed"** means the total amount of debt that you are agreeing to pay (reaffirm) by entering into this agreement. The total amount of debt includes any unpaid fees and costs that you are agreeing to pay that arose on or before the date of disclosure, which is the date specified in the Reaffirmation Agreement (Part I, Section B above). Your credit agreement may obligate you to pay additional amounts that arise after the date of this disclosure. You should consult your credit agreement to determine whether you are obligated to pay additional amounts that may arise after the date of this disclosure.

2. **"Annual Percentage Rate"** means the interest rate on a loan expressed under the rules required by federal law. The annual percentage rate (as opposed to the "stated interest rate") tells you the full cost of your credit including many of the creditor's fees and charges. You will find the annual percentage rate for your original agreement on the disclosure statement that was given to you when the loan papers were signed or on the monthly statements sent to you for an open end credit account such as a credit card.

3. **"Credit Union"** means a financial institution as defined in 12 U.S.C. § 461(b)(1)(A)(iv). It is owned and controlled by and provides financial services to its members and typically uses words like "Credit Union" or initials like "C.U." or "F.C.U." in its name.

B240B (Form B240B) (12/09)

# UNITED STATES BANKRUPTCY COURT
District of New Jersey

In re Mary J. Mueller _____,
Debtor

Case No. 11-11299 _____

Chapter 7

## MOTION FOR APPROVAL OF REAFFIRMATION AGREEMENT

I (we), the debtor(s), affirm the following to be true and correct:

I am not represented by an attorney in connection with this reaffirmation agreement.

I believe this reaffirmation agreement is in my best interest based on the income and expenses I have disclosed in my Statement in Support of Reaffirmation Agreement, and because *(provide any additional relevant reasons the court should consider)*:

Therefore, I ask the court for an order approving this reaffirmation agreement under the following provisions *(check all applicable boxes)*:

☐ 11 U.S.C. § 524(c)(6) (debtor is not represented by an attorney during the course of the negotiation of the reaffirmation agreement)

☐ 11 U.S.C. § 524(m) (presumption of undue hardship has arisen because monthly expenses exceed monthly income, as explained in Part II of Form B240A, Reaffirmation Documents)

Signed: *Mary J Mueller*
(Debtor)

_____
(Joint Debtor, if any)

Date: 2/16/11

B240C (Form B240C) (12/09)

# United States Bankruptcy Court
## District of ___New Jersey___

In re  Mary J. Mueller
_____
Debtor

Case No. __11-11299__
Chapter __7__

## ORDER ON REAFFIRMATION AGREEMENT

The debtor(s) _____ has (have) filed a motion for approval of the reaffirmation agreement dated _____ made between the debtor(s) and creditor _____. The court held the hearing required by 11 U.S.C. § 524(d) on notice to the debtor(s) and the creditor on _____ (date).

COURT ORDER:   ☐ The court grants the debtor's motion under 11 U.S.C. § 524(c)(6)(A) and approves the reaffirmation agreement described above as not imposing an undue hardship on the debtor(s) or a dependent of the debtor(s) and as being in the best interest of the debtor(s).

☐ The court grants the debtor's motion under 11 U.S.C. § 524(k)(8) and approves the reaffirmation agreement described above.

☐ The court does not disapprove the reaffirmation agreement under 11 U.S.C. § 524(m).

☐ The court disapproves the reaffirmation agreement under 11 U.S.C. § 524(m).

☐ The court does not approve the reaffirmation agreement.

BY THE COURT

Date: _____                             _____
                                                  *United States Bankruptcy Judge*

4553

# CERTIFICATE OF TITLE

| PREFIX | IDENTIFICATION NUMBER | SUFFIX | YEAR | MAKE | MODEL | BODY TYPE |
|---|---|---|---|---|---|---|
| 2 | JS1CK43A2521006 | 57 | 2005 | SUZ | AN4 | MC |

| TYPE OF TITLE | DUPLICATE NO. | GVWW/CALGTH | COLOR(INT/EXT) | DEALER I.D. | AXLES/PROP | FUEL |
|---|---|---|---|---|---|---|
| STANDARD | | 0 | SIL | 07177N | 2 | |

| FEE | ISSUE DATE | VIN-REPLACEMENT | MILEAGE | STATUS |
|---|---|---|---|---|
| 40.00 | 08-21-2007 | | 505 | A |

OWNER(S)
MARY J MUELLER
PROSPECT AVE
DUNELLEN       NJ  08812

F-FLOOD    S-SALVAGE
P-POLICE   T-TAXI
L-LEMON LAW
A-ACTUAL MILEAGE
N-NOT THE ACTUAL MILEAGE
M-MILEAGE EXCEEDS THE MECHANICAL LIMITS

NUMBER OF OWNERS: 1
NUMBER OF LIENHOLDERS: 1

OWNER DL/CC #: M9111 52771 54584

I, CHIEF ADMINISTRATOR OF THE MOTOR VEHICLE COMMISSION, OF THE STATE OF NEW JERSEY, DO HEREBY CERTIFY THAT EVIDENCE OF PURCHASE OF OWNERSHIP, IN COMPLIANCE WITH THE LAWS OF THE STATE OF NEW JERSEY, OF THE DESCRIBED ARTICLE, HAS BEEN RECORDED AND FILED WITH ME, AND I DO HEREBY ISSUE THIS CERTIFICATE OF OWNERSHIP SUBJECT TO SECURITY AGREEMENT OR LIEN, IF ANY AS STATED.

CONTROL NUMBER: 360476K

State of New Jersey
MOTOR VEHICLE COMMISSION

DATE 08-21-2007
45073 32376 01910
HSBC RETAIL CRDT USA INC
700 N WOODDALE ROAD
WOODDALE    IL 60191

KW  FL2007233O245

(SM/SS-1 (R6/06))

**VOID IF ALTERED**

HOLD TO LIGHT TO VIEW WATERMARK

02/16/2011

4553

Initials MJM

## NOTE AND SECURITY AGREEMENT
(Including Arbitration Clause)

DEALER PLEASE NOTE. This form is to be TYPED or PRINTED firmly with a ball point pen. Make sure ALL blank spaces are properly completed.

Date of Note and Security Agreement: 08/16 , 2007

**Name & Address of Lender**
HSBC Retail Credit (USA) Inc.
700 N. Wood Dale Road
Wood Dale, Illinois 60191

**Name & Address of Dealer**
Name BURGERS MOTORCYCLE SALES & SERVICE INC
Address 749 RT 202 PO BOX 426
City THREE BRIDGES   State NJ   Zip 08887

SALESPERSON ART
Dealer # 22705     ORG # 222

**Name & Address of Borrower(s):**
Borrower MARY J MUELLER
Address          PROSPECT AVE
City DUNELLEN         State NJ    Zip 08812
Home Phone            Work Phone

Co-Borrower
Address
City                  State      Zip
Home Phone            Work Phone

### Truth in Lending Disclosure Statement

| ANNUAL PERCENTAGE RATE The cost of my credit as a yearly rate. | FINANCE CHARGE The dollar amount the credit will cost me. | Amount Financed The amount of credit provided to me or on my behalf. | Total of Payments The amount I will have paid after I have made all scheduled payments. |
|---|---|---|---|
| 10.950 % | $ 1,716.51 | $ 4,656.93 | $ 6,373.44 |

Payment Schedule: My payment schedule will be:

| Number of Payments | Amount of Payments | When Payments are Due |
|---|---|---|
| 72 | $ 88.52 | monthly beginning 10/01/2007 |

Insurance: I may obtain property insurance from anyone I want that is acceptable to you.
Prepayment: If I pay off this loan early, I will not have to pay a penalty.
Late Charges: If a payment is not received within 10 days of the date it is due, I will be charged a late charge in the amount of $35.00.
Security: I am giving you a security interest in the following property (the "Goods"):

| NEW/USED | YEAR | MAKE | MODEL | COMPLETE IDENTIFICATION NUMBER | UNIT CASH SALES PRICE |
|---|---|---|---|---|---|
| Used | 2005 | SUZUKI | BERGMAN AN400KS | JS1CK43A252100657 | $4,546.43 |

Other Terms: This Agreement contains additional information regarding security interests, nonpayment, default and your right to require repayment in full before the scheduled maturity date.

The Annual Percentage Rate may be negotiated with the Seller (or Dealer). The Seller may retain its right to receive a part of the Finance Charge.

### ITEMIZATION OF AMOUNT FINANCED

1. Total Cash Sales Price   $ 4,546.43
   (including price of units, goods, accessories, and taxes)

2. Credits
   a. Cash Down Payment   $ 0.00
   b. Manufacturer Rebate  $ 0.00
   c. Trade-in             $ 0.00
      (Description:                              )
   d. Total Credits (a+b+c)  $ 0.00

3. Balance of Cash Sales Price  $ 4,546.43
   (1 minus 2)

4. Additional purchases*
   a. Insurance or GAP
      Credit Life         $ 0.00
        Carrier
      Joint Credit Life   $ 0.00
        Carrier
      Credit Disability   $ 0.00
        Carrier
      Credit Unemployment $ 0.00
        Carrier
      Property            $ 0.00
        Carrier
      GAP Waiver          $ 0.00
        Carrier
      Total               $ 0.00
   b. Debt Cancellation   $ 0.00

   c. Official Fees
      License fee         $ 0.00
      Title fee           $ 0.00
      Registration fee    $ 71.50
      UCC/Filing fee      $ 0.00
      FL Documentary
        Tax Stamp         $ 0.00
                          $ 0.00
      Total Fees          $ 71.50

   d. Documentary fee     $ 39.00  ✓
      (Paid to Dealer)

   e. Ancillary products*
      Service Contract or Warranty  $ 0.00
        Provider
      Theft Protection/Etch  $ 0.00
        Provider
      Pre-paid maintenance  $ 0.00
        Provider
      Tire & Wheel Protection  $ 0.00
        Provider
      Roadside Assistance  $ 0.00
        Provider
                          $ 0.00
                          $ 0.00
      Total Ancillary Products  $ 0.00

5. Amount Financed        $ 4,656.93
   (Total from 3 + 4a-e.)

* I understand that you or the Dealer may receive a portion of these charges.

Dealer Copy
Page 1 of 3

02/14/2011

4553

Initials MGM

### GAP DISCLOSURE

_____ Yes, I want GAP Waiver

I understand that GAP described herein is optional and not required to obtain credit. The cost of this product is disclosed in line 4(a) of this Agreement. I understand that you or the Dealer may retain a portion of this cost. The term of this coverage (if different from the term of this loan) is listed on the attached GAP addendum which I acknowledge receiving together with and as a part of this Agreement. I consent to this.
Please sign below:

Buyer _____

Co-Buyer _____

### INSURANCE DISCLOSURE

_____ Yes, I want the Insurance Plans
(Initials) checked below.
_____ Credit Life (expires:_____)
_____ Joint Credit Life (expires:_____)
_____ Credit Disability Insurance (expires:_____)
_____ Credit Unemployment Insurance (expires:_____)
_____ Property Insurance (expires:_____)

If the term of insurance is less than the term of the Note, the expiration date is disclosed opposite the type of coverage selected.
I understand that this insurance is optional and not required to obtain credit. The premium is disclosed on line 4(a) of this Agreement. I consent to this. I acknowledge receiving a description of coverage and Certificate of Insurance together with this Agreement.
Please sign below:

Buyer _____

Co-Buyer _____

**Promise to Pay / Authorization to Pay Proceeds.** I, the Borrower, promise to pay the Amount Financed referred above (the "Principal"), plus interest, to the order of HSBC Retail Credit (USA) Inc. ("Lender" "you", or "your"). I authorize you to pay the proceeds of this loan to the Dealer listed above and to any other third parties from whom I have purchased products or services listed in this Note and Security Agreement.
**Interest.** Beginning on the date you pay the proceeds of this loan to me or to others on my behalf, I will pay interest at a simple interest rate per year. This interest rate is the rate I will pay both before and after any default described in this Agreement. Interest will accrue daily on that part of the Principal which has not been paid. Interest will be charged beginning on the date of this Agreement (or if later, beginning on the date you pay the proceeds of this loan to me or to others on my behalf) and will continue until the amount I owe you has been paid in full.
**Payments.** I promise to pay principal and interest payments on the due dates shown on the schedule above. This payment schedule assumes that I will pay all amounts when due. Because interest accrues daily on the unpaid principal balance, the amount of the last payment may decrease or increase if I pay early or late. My monthly payments will be applied first to late fees, then to interest and then to Principal. If, on the final payment date shown on the payment schedule above (the "Maturity Date"), I still owe any other amounts under this Agreement, I will pay those amounts in full on the Maturity Date. I will make my monthly payments to you at the address you indicate above, or at such other location as you shall designate.
**Right To Prepay.** I may make a full prepayment or a partial prepayment at any time without paying any penalty. If I make a partial prepayment, there will be no delays in the due dates of my monthly payments, and no change to the amount of my monthly payments (except for the amount of my final monthly payment, unless you agree in writing to those delays or changes.
**Other Charges.** If you have not received the full amount of my monthly payment within 10 days of the date it is due, I will pay you a late charge in the amount of $35.00. I will pay this late charge only once on any late payment. To the extent you actually incur any expense, tax, or charge paid to a government agency, I shall pay you such expenses. The total amount of these expenses is shown above in the Itemization of Amount Financed. I agree to pay you a fee of $25.00 for any check or any other form of payment I give you that is dishonored or returned to you unpaid for any reason. I further agree to pay you a fee, established by you, for any direct check or other ACH-type payments I make to you.
**Security Interest.** In order to secure repayment of this loan and performance of my other obligations under this Agreement, I grant you a security interest in the Goods and other attachments and accessories, now forming part of the Goods or used in or on the Goods to which may become part of the Goods in the future, whether or not, removed from the Goods. I also grant you a security interest in all insurance proceeds, returned premiums, mechanical failure service contracts and refunds of charges for mechanical failure service contracts. This Agreement shall not cover any items added to the Goods more than 10 days after the date of this Agreement unless they are an integral part of the Goods. These excludable items, however, must be identified in writing for you or any appropriate court officer before any duly noticed resale of the Goods. The Goods will be kept at the location given to you at the front of this note. I will provide you immediately upon the change of location or change of my Residence.

(Additional Terms and Conditions continue on reverse side)

### NOTICE TO CONSUMER

1. It is important that you thoroughly read this contract before you sign it.
2. You are entitled to a copy of this Agreement.

I agree to the terms of and acknowledge receipt of a completed copy of this Agreement.

Mary G Mueller (SEAL) _____ (SEAL)
Borrower                                    Co-Borrower

### NOTICE TO CO-BORROWER

You are being asked to guarantee this debt. Think carefully before you do. If the Borrower doesn't pay the debt, you will have to. Be sure you can afford to pay if you have to, and that you want to accept this responsibility.
You may have to pay up to the full amount of the debt if the Borrower does not pay. You may also have to pay late fees or collection costs, which increase this amount.
The Lender can collect this debt from you without first trying to collect from the Borrower. The Lender can use the same collection methods against you that can be used against the Borrower, such as suing you, garnishing your wages, etc. subject to the laws of your state. If this debt is ever in default, that fact may become a part of your credit record. This notice is not the contract that makes you liable for the debt.

**Default.** I will be in default if any payment or any other sum is not paid when due, or if the prospect of payment, performance or your ability to realize upon the collateral is significantly impaired, including any one or more of the following: I shall or shall attempt to, without your written permission, sell, encumber or otherwise dispose of my rights or interest in the Goods, conceal, hire out or let the Goods, or carry passengers in the Goods for hire; I misuse or abuse the Goods, or use or allow their use, with or without my knowledge, in connection with any illegal undertaking or for any purpose that violates any law or regulation; receivership or insolvency proceedings or any assignment for the benefit of creditors shall be instituted by or against me; the Goods shall be attached, levied upon, seized in any legal proceeding, or held by virtue of any lien or distress, or any notice or claim of lien on the Goods is filed; I die; any tax(es) and assessments on the Goods or their use is not paid promptly; the Goods are damaged such that their value is diminished and permitted to remain damaged for more than 30 days; the Goods are not kept suitably insured; I fail to permit inspection of the Goods; your security interest in the Goods is not perfected or does not remain perfected for the term of this Agreement in each jurisdiction in which you require it to be perfected due to action or inaction on my part; I breach any other warranty or fail to keep any promise or meet any other obligations in this Agreement; I interfere or otherwise fail to fully cooperate with you in completing and obtaining the perfection of any security interest, as you reasonably require; I allow any liens on the Goods to remain unpaid for more than 15 days.
**Remedies Upon Default.** If this Agreement is in default, following any notices required by applicable law, you may require that my unpaid balance, including interest and other charges and fees due under the Agreement (and not just amounts in default), be paid immediately. If this Agreement is in default and you are not immediately paid all amounts due under this Agreement, you may: demand that I deliver the Goods to you; repossess the Goods, with or without resort to judicial proceedings, as permitted by applicable law; foreclose on the Goods under applicable law; set off my liability on this Agreement against any of my deposits or property held by you or any of your affiliates (except for 401k and IRA accounts); or pursue any other remedy you have under applicable law and following any notices to me required by applicable law. Your remedies set forth in the previous two sentences shall be subject to any applicable cure period required by applicable law. To the extent permitted by applicable law, I will pay all collection costs and expenses, including your actual and reasonable costs of enforcement and collection of any amount due and payable under this Agreement and all actual and reasonable costs and expenses of retaking, storing, preparing for sale or selling the Goods. Such collection costs and expenses shall also include reasonable attorneys' fees (of non-salaried employees) to the extent permitted by applicable law, including any such fees arising due to a bankruptcy filing by or against me. Delivery of the Goods to you or repossession of the Goods or any other legal remedy you take shall not relieve me of my obligation to pay any deficiency which may arise upon subsequent sale of the Goods to the full extent permitted under applicable state law. The provisions of this Section regarding attorneys' fees do not apply to residents of West Virginia and Ohio.
**Repossession and Resale Upon Default.** In the event of default, you may, if permitted by law, enter any premises where the Goods may be located and take possession of them, together with anything in or on the Goods. Upon such repossession, you shall not be with or without report to judicial proceedings, required to use legal process or a judicial decree unless required by applicable law. You may repossess the Goods after you provide me with any notice or demand for performance if such actions are required by law. Nothing in this Agreement gives you any right to enter unlawfully upon any premises. Upon my return of the Goods to you or your repossession of them, you shall have the remedies provided by applicable law. The proceeds of any sale or other disposition shall be applied, except as otherwise required by law: (1) to the actual and reasonable cost of the sale of the Goods; (2) to the actual and reasonable cost of retaking, preparing for sale and storage of the Goods; and (3) to any amounts I owe under this Agreement, including delinquency and collection charges, and attorney fees as provided for in this Agreement. Any remaining proceeds shall be paid to me or otherwise as provided by law. I shall be liable for any deficiency to the extent not limited by applicable state law.
**Risk of Loss.** At all times I shall bear the risk of loss of, damage to, or destruction of the Goods; and any such loss, damage or destruction shall not release me from my obligations under this Agreement.
**Insurance and Notice of Loss.** Until this Agreement is fully paid, I will maintain an insurance policy issued by a licensed insurer covering the Goods in an amount reasonably satisfactory to you. I may choose any insurer reasonably acceptable to you to provide this insurance. I may substitute a new insurer that is acceptable to you at any time, and I will notify you if I do. I must insure against the risks of fire, theft, collision and such other hazards as you may reasonably require. The insurance must protect me and you. I must pay the premium in advance before each policy period begins and give you proof of payment. You may sign any proof of loss and endorse any check, draft or other form of payment issued by the insurer or its agent as a loss payment. If at any time before this Agreement is fully paid, such insurance lapses or is cancelled or if I

103-US (02-06)

Dealer Copy
Page 2 of 3

02/14/2011

4SS3

Initials: MRM

fail to provide sufficient evidence of such insurance, you may buy replacement coverage protecting you and me or, if permitted by law, you alone. I will pay the premiums for such coverage at your request with interest at the interest rate shown in this Agreement. I understand that any replacement coverage you provide may be more expensive and provide less coverage than insurance that I can obtain on my own. Damage, destruction or other loss of the Goods will not release me from my obligations to you. I will let you know as soon as I can if the Goods become damaged or are destroyed or disappear.

**Use of the Goods.** I will not sell the Goods, pledge them as security for another loan, give them away, lease them or otherwise use them for other than personal use without your written permission. I will use the Goods only for personal, family or household purposes. I will not use the Goods to carry passengers for hire, permit their use for any illegal purposes or let anyone seize them. I will not allow anyone to put a lien on the Goods, except for your security interest. I will not take the Goods to another country without your written permission. Under no circumstances am I permitted to take the Goods from the United States, except to Canada, and then only for a period of 30 days or less.

**Location of the Goods.** I will not, without your prior written approval, move the Goods from my residence address (or other site specified in paragraph 6) other than for trips with the intent of returning. I will provide you with prior written notice of any proposed change of location or change of my residence. I will not abandon the Goods.

**My Duties Concerning the Goods.** I will keep the Goods in good condition and repair. I shall pay when due any repair bills, storage bills, taxes, fines or other charges on the Goods. You may pay any of these bills, if I do not. If you do, I will repay to you the amount of such bills on demand, with interest at the interest rate shown in this Agreement or at such lesser rate as may be required by law.

**Government Seizure.** I will notify you promptly by telephone, confirmed by fax or overnight delivery if the Goods are attached, detained, seized or levied upon or taken into custody by any court or other authority, and I will immediately take steps to have the Goods released. If the Goods are arrested or detained, by any government authority, unless prohibited by applicable law, I authorize you or your agents in my name to receive or take possession of the Goods and defend any action and/or discharge any lien.

**Further Assurances.** From time to time I will sign and deliver to you any document and assurances you may require to maintain the priority of your security interest in the Goods and to help you resell the Goods in the event it becomes necessary for you to repossess them. I will also take all measures required to file and maintain perfection of your security interest in the Goods.

**Obligations of Persons Under This Agreement.** If more than one person signs this Agreement, each person is jointly and severally obligated to keep all promises in this Agreement, including the promise to pay the full amount owed. Any Co-Borrower is also obligated to do these things. You may enforce your rights under this Agreement against each person individually or against all of us together. This means that any one of us may be required to pay all of the amounts owed under this Agreement. You may give one Borrower extensions to pay or change or release his or her responsibility without changing or releasing any Co-Borrower in the same way.

**No Prior Liens.** I lawfully own and possess the Goods free from all prior liens and encumbrances, except for your lien. I warrant title to the Goods. This means that I am responsible for your expenses or losses if anyone other than you successfully claims an interest in part or all of the Goods.

**Time is of the Essence.** Time is of the essence. This means that all required payments must be made on the day due and all other obligations must be performed on time. If I require additional time to make a payment or perform any other obligation, I understand that I must obtain your approval in writing in advance for making a late payment or rendering any other late performance, and that you are not required to give such approval.

**Waivers.** You may delay enforcing any of your rights or elect not to enforce your rights without losing any of them. I and any other person who has obligations under this Agreement waive the rights of presentment and notice of dishonor. "Presentment" means the right to require you to demand payment of amounts due. "Notice of dishonor" means the right to require you to give notice that amounts due have not been paid.

**GOVERNING LAW:** This Agreement is governed by federal law, and to the extent not preempted by federal law, the laws of the State of Delaware. I understand that you are a wholly-owned subsidiary of a national banking association, which has a principal place of business in Delaware. MARYLAND RESIDENTS: Matters not governed by federal law shall be governed by the laws of the State of Maryland, particularly Title 12, Subtitle 10 of the Maryland Commercial Law Article, but only to the extent such law is not preempted by federal law. I understand that you are a wholly-owned subsidiary of a national banking association, which has a principal place of business in Delaware.

**Miscellaneous.** If any provision of this Agreement cannot be enforced, the rest of the Agreement will stay in effect. No amendment of this Agreement will be valid unless in writing and signed by both Lender and Borrower. Lender's rights under this Agreement shall inure to the benefit of its successors and assigns, and Borrower's obligations under this Agreement shall be binding upon Borrower's heirs, personal representatives and assigns.

**ARBITRATION:** Any claim, dispute, or controversy between me and you (whether based upon contract, tort, intentional or otherwise; constitution; statute; common law; or equity whether pre-existing, present or future, including initial claims, counterclaims, cross-claims and third party claims, arising from or relating to this Agreement or the relationships which result from this Agreement, and except as provided below, the validity or enforceability of this arbitration clause, any part thereof or the entire Agreement ("Claim"), shall be resolved, upon the election of me or you, by binding arbitration pursuant to this arbitration provision and the applicable rules or procedures of the arbitration administrator selected at the time the Claim is filed. The party initiating the arbitration proceeding shall have the right to select one of the following arbitration administrators (the "Administrator"): the American Arbitration Association ("AAA") or the National Arbitration Forum ("NAF"). The arbitrator shall be a lawyer with more than ten years experience or a retired or former judge. You agree not to invoke your right to arbitrate an individual Claim I may bring in small claims court or an equivalent court, if any, so long as the Claim is pending only in that court. The rules and forms of the AAA and the NAF may be obtained by writing to these organizations at the addresses and websites listed below. Our address for service of process under this provision is HSBC Retail Credit (USA) Inc., P.O. Box 279, Mount Prospect, IL 60056. Any participatory arbitration hearing that I attend will take place in the city nearest to my residence where a federal district court is located or at such other location as agreed by the parties. On any Claim I file, I will pay the first $50 of the filing fee. At my request, you will pay the remainder of the filing fee and any administrative or hearing fees charged by the Administrator on any Claim submitted by me in arbitration up to a maximum of $1,500. If I am required to pay any additional fees to the Administrator you will consider a request by me to pay all or part of the additional fees; however, I shall not be obligated to pay any additional fees unless the arbitrator grants me an award. If the arbitrator grants an award in my favor, you will reimburse me for any additional fees paid or owed by me to the Administrator up to the amount of the fees that would have been charged if the original Claim had been for the amount of the actual award in my favor.

The parties shall bear the expense of their respective attorneys' fees, except as otherwise provided by law. If a statute gives me the right to recover any of these fees, or the fees paid to the Administrator, these statutory rights shall apply in the arbitration notwithstanding anything to the contrary contained herein. If the arbitrator issues an award in your favor, I will not be required to reimburse you for any fees you previously paid to the Administrator or for which you are responsible.

This arbitration agreement is made pursuant to a transaction involving interstate commerce, and shall be governed by the Federal Arbitration Act, 9 U.S.C. Sections 1 - 16 (the "FAA"). The arbitrator shall apply applicable substantive law consistent with the FAA and provide written reasoned findings of fact and conclusions of law. Judgment upon the award may be entered in any court having jurisdiction. The arbitrator's award will be final and binding except for (a) any appeal right under the FAA; and (b) any appeal of Claims involving more than $100,000. For such Claims, any party may appeal the award to a three-arbitrator panel appointed by the Administrator, which will reconsider de novo (i.e., in its entirety) any aspect or all aspects of the initial award that is appealed. The panel's decision will be final and binding, except for any appeal right under the FAA. Unless applicable law provides otherwise, the appealing party will pay the appeal's costs (i.e. the amounts owed to the Administrator and the arbitrators), regardless of its outcome. However, you will consider in good faith any reasonable request for you to bear up to the full costs of the appeal. This arbitration agreement shall survive termination of my Account as well as the repayment of all amounts borrowed hereunder.

If any portion of this arbitration agreement, other than the Class Action Waiver Provision defined below, is deemed invalid or unenforceable under any law or statute consistent with the FAA, it shall not invalidate the remaining portions of this arbitration agreement or the Agreement. If the Class Action Waiver Provision is deemed invalid or unenforceable under any law or statute consistent with the FAA, the remaining portions of this arbitration agreement shall not be valid. In the event of a conflict or inconsistency between the rules and procedures of the Administrator and this arbitration agreement, this arbitration agreement shall govern. Notwithstanding any language in this arbitration provision to the contrary, no arbitration may be administered, without the consent of all parties to the arbitration, by any organization that has in place a formal or informal policy that is inconsistent with and purports to override the terms of this arbitration provision, including the Class Action Waiver Provision.

No class actions or private attorney general actions in court or in arbitration or joinder or consolidation of any Claim with the claim of any other person, are permitted in arbitration without the written consent of me and you. The validity and effect of the preceding sentence (herein referred to as the "Class Action Waiver Provision") shall be determined exclusively by a court and not by the Administrator or any arbitrator. Neither the Administrator nor any arbitrator shall have the power or authority to waive, modify or fail to enforce the Class Action Waiver Provision, and any attempt to do so, whether by rule, policy arbitration decision or otherwise, shall be invalid and unenforceable.

**THE PARTIES ACKNOWLEDGE THAT THEY HAD A RIGHT TO LITIGATE CLAIMS THROUGH A COURT BEFORE A JUDGE OR JURY, BUT WILL NOT HAVE THAT RIGHT IF EITHER PARTY ELECTS ARBITRATION. THE PARTIES HEREBY KNOWINGLY AND VOLUNTARILY WAIVE THEIR RIGHTS TO LITIGATE SUCH CLAIMS IN A COURT BEFORE A JUDGE OR JURY UPON ELECTION OF ARBITRATION BY EITHER PARTY.**

I may contact, obtain the arbitration rules of, or file a Claim with: AAA or NAF as follows:

| American Arbitration Association | National Arbitration Forum |
|---|---|
| 335 Madison Avenue | P.O. Box 50191 |
| New York, NY 10017 | Minneapolis, MN 55405 |
| www.adr.org | www.arb-forum.org |

As used in this arbitration provision, the term "you", "your", and "yours" shall mean HSBC Retail Credit (USA) Inc., its parents, subsidiaries, affiliates, predecessors, successors, assigns, and each of their officers, directors, and employees.

**NOTICE**
ANY HOLDER OF THIS CONSUMER CREDIT CONTRACT IS SUBJECT TO ALL CLAIMS AND DEFENSES WHICH THE DEBTOR COULD ASSERT AGAINST THE SELLER OF GOODS OR SERVICES OBTAINED WITH THE PROCEEDS HEREOF. RECOVERY HEREUNDER BY THE DEBTOR SHALL NOT EXCEED AMOUNTS PAID BY THE DEBTOR HEREUNDER.

**ARIZONA RESIDENTS:** I acknowledge an express intent to grant a security interest in the Goods and hereby waive and abandon all personal property exemptions granted upon the Goods that is the subject of this contract. NOTICE: BY GIVING US A SECURITY INTEREST IN THE GOODS, I WAIVE ALL RIGHTS PROVIDED BY LAW TO CLAIM SUCH GOODS EXEMPT FROM PROCESS. Debtor's Liability for Failure to Return Motor Vehicle: If I am in default, you may send me a notice of default. It is unlawful to fail to return a motor vehicle subject to a security interest within 30 days after receiving notice of default. A notice of default may be mailed to the address on the contract. It is my responsibility to keep the listed address current. Assuming I have no history of prior felony convictions, the maximum penalty for failure to return a motor vehicle subject to a security interest is 1 year in prison and a $150,000 fine.

**MISSOURI RESIDENTS: Oral Modifications (Consumer Purpose):** Oral agreements or commitments to loan money, extend credit or to forbear from enforcing repayment of a debt including promises to extend or renew such debt are not enforceable. To protect you (Lender) and me (Borrower) from misunderstanding or disappointment, any agreements we reach covering such matters are contained in this writing, which is the complete and exclusive statement of the agreement between us, except as we may later agree in writing to modify it.

**TEXAS RESIDENTS: Oral Agreements Disclosure.** THIS WRITTEN AGREEMENT REPRESENTS THE FINAL AGREEMENT BETWEEN THE PARTIES AND MAY NOT BE CONTRADICTED BY EVIDENCE OF PRIOR, CONTEMPORANEOUS, OR SUBSEQUENT ORAL AGREEMENTS OF THE PARTIES. THERE ARE NO UNWRITTEN ORAL AGREEMENTS BETWEEN THE PARTIES. WAIVER OF NOTICE OF INTENT TO ACCELERATE DEBT AND NOTICE OF ACCELERATION: Texas common law requires that I be provided with a notice of intent to accelerate the debt and a notice of acceleration. I expressly waive my common law right to receive the notice of intent to accelerate the debt and the notice of acceleration.

**WISCONSIN RESIDENTS:** I recognize that if I am married, this debt is incurred as a family obligation under Wisconsin law and that my marital property may be subject to liability under this Agreement.

**FLORIDA RESIDENTS:** Florida documentary stamp tax required by law in the amount listed on the front of this Note and Security Agreement has been paid or will be paid directly to the Department of Revenue. Certificate of Registration No. 78-8013167306-6.

Dealer Copy
Page 3 of 3

LAW OFFICES
**BASS & ASSOCIATES**
A PROFESSIONAL CORPORATION
WWW.BASS-ASSOCIATES.COM

FT. LOWELL CORPORATE CENTER
SUITE 200
3936 E. FT. LOWELL ROAD
TUCSON, ARIZONA 85712

BANKRUPTCY COURT
FILED
TRENTON, NJ

11 MAR -3 AM 10: 16

WALDRON

BY:_____
DEPUTY CLERK

February 28, 2011

Dear Clerk of the Court:

Enclosed please find a Chapter 7 Reaffirmation Agreement; I respectfully request that it be filed in your court and that a stamped, filed copy is returned to our office in the blue envelope provided.

Thank you.

Sincerely,

Melodie Lake
Administrative Assistant